## UNITED STATES of America, Plaintiff–Appellant,

v.

## Traun BASSETT, Defendant–Appellee.

### No. 03–5646.

United States Court of Appeals, Sixth Circuit.

Nov. 10, 2004.

Stephen P. Hall, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellant.

Stephen B. Shankman, Fed. Public Defender, Randolph W. Alden, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellee.

Before BATCHELDER and SUHRHEINRICH, Circuit Judges; and MCKEAGUE, District Judge.*

---

* The Honorable David W. McKeague, United States District Judge for the Western District

## MEMORANDUM OPINION

PER CURIAM.

Plaintiff, United States, appeals from the district court's refusal to apply the cross-reference provision of the United States Sentencing Guidelines (USSG) under § 2K2.1, where defendant-appellee admitted to possessing a firearm in connection with a drug trafficking offense. Defendant pled guilty to possession of a firearm with an obliterated serial number. At sentencing, the government argued that defendant's conviction should be cross-referenced under § 2K2.1. Relying on *United States v. Stubbs,* 279 F.3d 402 (6th Cir.2002) the district court concluded that applying the cross-reference would raise a constitutional problem under the Sixth Amendment. The district court sentenced defendant to 34 months in prison followed by three years of supervised release.

This Court reviews *de novo* the district court's legal conclusions regarding application of the United States Sentencing Guidelines. *United States v. Newell,* 309 F.3d 396, 400 (6th Cir.2002).

The district court refused to apply the cross-reference provision of § 2K2.1(c), based on its interpretation of and reliance on this Court's opinion in *Stubbs.* However, it is now clear that *Stubbs* is no longer good law. *See Harris v. United States,* 536 U.S. 545, 558–60, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)(holding that the constitutional mandates of *Apprendi,* do not ap-

ply to the Guidelines when the defendant's sentence remains below the maximum sentence authorized by the statute); *see also United States v. Helton,* 349 F.3d 295, 300 (6th Cir.2003)(holding that *Stubbs* and the decisions upon which *Stubbs* relied did not survive *Harris* ). Therefore, because the district court erred when it relied on *Stubbs* and refused to apply the cross-reference provision of the Guidelines its judgment must be vacated and the matter remanded for resentencing.

We note that in this appeal defendant-appellee raised a challenge to the constitutionality of his sentence citing *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a case decided after the district court judgment was entered. We find no merit to this claim. *See United States v. Koch,* 383 F.3d 436 (6th Cir.2004)(en banc).

## IV.  CONCLUSION

The district court erred when it refused to apply the cross-reference provision of § 2K2.1. Accordingly, the judgment of the district court is VACATED and this case is REMANDED for further proceedings consistent with this opinion.

of Michigan, sitting by designation.